**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JASON HALTIWANGER,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 06 C 4344<br>) |
| **UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION** and **OFFICERS STERLING TERRY** and **ERIC ROMANO,** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Before me are two separate motions, a motion by the government to dismiss for lack of jurisdiction plaintiff Jason Haltiwanger's ("Haltiwanger") motion for return of property, and a motion by Haltiwanger to reassign to this court case number 06 C 6948, a case currently assigned to Judge Pallmeyer, because it is related to the present action. Although given time by this court to respond to the government's motion, Haltiwanger has not filed a response.[1] Because I agree with the government that I lack jurisdiction to hear Haltiwanger's motion for return of property, I grant the government's motion and deny Haltiwanger's motion to reassign as moot.

---

[1] The government belatedly filed a response to Haltiwanger's motion to transfer, although it did not seek leave to file its response late.

I.

When ruling on a motion to dismiss for lack of subject matter jurisdiction, I must accept as true all well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Co.*, 182 F.3d 548, 554 (7th Cir. 1999) (internal citation omitted). I may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam) (internal citation omitted)).

Haltiwanger's motion, brought under Federal Rule of Criminal Procedure 41(g), alleges that on June 14, 2006, Drug Enforcement Administration ("DEA") Task Force officers detained Haltiwanger at a train station and, without a search warrant, entered Haltiwanger's private train compartment and unlawfully seized $45,000.00 from him. (Haltiwanger Mot. at ¶¶ 2-10.) There are no pending criminal proceedings against Haltiwanger. (*Id.* at ¶ 18.)

The government has presented evidence that on August 4, 2006, the DEA issued Haltiwanger a notice of seizure pursuant to 21 C.F.R. § 1316.75 (2006) and thereby initiated an administrative forfeiture proceeding against the funds at issue here. (Gov. Mot. to Dismiss at Ex. A.) Haltiwanger filed his motion for return of property on August 11, 2006. In early September, Haltiwanger communicated to the government his opposition to the administrative forfeiture. (*Id.* at Ex. B and C.) After Haltiwanger's opposition,

on December 15, 2006 the government filed a civil forfeiture complaint in this district that the parties agree concerns the same property at issue in this case, namely the money seized from Haltiwanger on June 14, 2006. That civil forfeiture complaint is presently before Judge Pallmeyer as case number 06 C 6948. Both Haltiwanger and his counsel Stephen Komie have filed verified claims in the forfeiture proceeding, but as of March 16, 2007 there has been no other activity in that case.

II.

The government argues that I lack jurisdiction over Haltiwanger's motion because (1) the government initiated an administrative forfeiture proceeding concerning the funds at issue before Haltiwanger filed his present motion, and (2) a civil forfeiture proceeding is currently pending before Judge Pallmeyer. Although not cited by the government, the Seventh Circuit has issued an opinion that clearly indicates that I lack jurisdiction over Haltiwanger's motion. In *Linarez v. United States Dept. of Justice*, 2 F.3d 208 (7th Cir. 1993), the government instituted an administrative forfeiture proceeding concerning a sum of money that a municipal police department had seized from the appellant. *Id.* at 209. Although the appellant received notice of the administrative proceeding, he did not challenge the seizure of the funds through that proceeding but instead filed a complaint alleging the funds were illegally seized and seeking their recovery. *Id.* at 210. The Seventh Circuit affirmed the district court's conclusion that it lacked subject matter jurisdiction over

3

the appellant's complaint because the proper process for the appellant to object was by directly objecting to the administrative proceeding and thereby forcing the DEA to institute judicial forfeiture proceedings. *Id.* at 212 ("Had [appellant] desired to litigate his challenges to the seizure and forfeiture in district court, he could have done so by availing himself of the administrative procedures first . . . which would have forced the DEA to institute *judicial* forfeiture proceedings.") (emphasis in original).

Here, like the appellant in *Linarez*, after receiving notice of an administrative forfeiture proceeding Haltiwanger attempted to bypass that proceeding by filing a motion in district court for return of property.[2] Haltiwanger apparently ignored the administrative proceeding at first but, unlike *Linarez*, ultimately did file a claim and forced the DEA to refer the matter to the government to file a complaint for civil forfeiture. That resulted in the government filing the civil forfeiture complaint now before Judge Pallmeyer. Although Haltiwanger urges that the proper result for these dueling actions is to transfer the civil forfeiture action to this court, there is no basis for me to do so. The opinion in *Linarez* makes clear that at the time Haltiwanger filed this motion I did not have jurisdiction over it. *Id.* at 211 ("[W]e are convinced that Congress has precluded the possibility of

---

[2]The Seventh Circuit explained in *Linarez* that, although the appellant in *Linarez* had not filed a motion under Federal Rule of Criminal Procedure 41, as Haltiwanger has here, "the distinction is unimportant." 2 F.3d at 212.

4

concurrent jurisdiction over civil forfeitures in a district court and a federal administrative agency.").

Further, the Seventh Circuit has concluded that parties may not use Rule 41(g) to challenge administrative forfeiture findings since such suits would be civil, not criminal. *See, e.g., United States v. Duke*, 229 F.3d 627, 629 (7th Cir. 2000) (internal citation omitted); *United States v. Stims*, 376 F.3d 705, 707-08 (7th Cir. 2004). Other circuits have also concluded that district courts lose subject matter jurisdiction to adjudicate Rule 41(g) motions (referred to in many of these opinions as Rule 41(e) motions since former Rule 41(e) became Rule 41(g) in 2002, *see, e.g., Chairez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004)) once civil forfeiture proceedings begin because the administrative agency or court hearing the civil forfeiture proceeding has exclusive jurisdiction over the property at issue. *See United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 479 (2d Cir. 1992) (collecting cases). As the court in *One 1987 Jeep Wrangler* explained, when the DEA initiates administrative forfeiture proceedings over funds, it has exclusive jurisdiction over those funds because to hold otherwise would "thwart the DEA's grant of limited administrative autonomy." *Id*.

The clear import of all these decisions is that Haltiwanger's Rule 41(g) motion is an improper collateral challenge to the DEA's appropriately-instituted administrative forfeiture proceeding. The United States Code and the Code of Federal Regulations clearly establish the appropriate procedure for the DEA to institute

5

forfeiture proceedings and for interested parties to challenge those proceedings and force the DEA to move those proceedings to federal court. *See Linarez*, 2 F.3d at 209-10 (describing procedure set forth in United States Code and Code of Federal Regulations). Allowing Haltiwanger to continue this action would improperly circumvent the relevant statutory and regulatory provisions. If Haltiwanger wishes to challenge the forfeiture, he must bring his claims before Judge Pallmeyer. Because I lack jurisdiction over Haltiwanger's present motion, there is no basis to transfer the proceeding before Judge Pallmeyer to me.

III.

For the above reasons, I grant the government's motion to dismiss for lack of jurisdiction, and deny plaintiff's motion to transfer as moot.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 21, 2007